## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**Andrew Lee Hill**                                                                                     **Plaintiff**

**v.**                              **No. 2:12-CV–144-BSM-JTK**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                  **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge

Brian S. Miller.  A party to this dispute may file written objections to this

recommendation.  An objection must be specific and state the factual and/or legal basis

for the objection.  An objection to a factual finding must identify the finding and the

evidence supporting the objection.  Objections must be filed with the clerk of the court

no later than 14 days from the date of this recommendation.[1]  The objecting party must

serve the opposing party with a copy of an objection.  Failing to object within 14 days

waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Miller may

adopt the recommended disposition without independently reviewing all of the record

evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections
waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Andrew Lee Hill seeks judicial review of the denial of his application for disability benefits.[3]  Hill worked  as a deck hand and machine operator for a Helena granary from 1981 to 2005.[4]  Hill lost his job when the granary was sold.[5]  He claims he has been disabled since that time.  The record doesn't indicate what Hill did in the interim, but he applied for disability benefits in March 2009.[6]  After that application was denied,[7] he reapplied in November 2009.

The denial of a prior application ordinarily forecloses benefits for an earlier time period,[8] but the Commissioner's ALJ implicitly reopened HIll's first application by considering the entire record — including evidence for the first application — and reaching a decision on the merits.[9]  As a result, this case considers whether Hill was

---

[3]SSA record at pp. 118 & 120 (alleging disability beginning March 3, 2005).

[4]*Id*. at pp. 137, 146 & 170.

[5]*Id*. at p. 145, 200 & 217.

[6]*Id*. at p. 124.

[7]*Id*. at pp. 124 & 134 (first application denied on June 16, 2009).

[8]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

[9]*Brown v. Sullivan*, 932 F.2d 1243, 1246 (8th Cir. 1991) ("[I]f the Secretary reconsiders the merits of an application previously denied, the claim may properly be

disabled beginning March 3, 2005, the day he last worked for the granary.  Hill

identified blindness in the left eye, pain in the knees and feet, and high blood pressure

as his reasons for disability.[10]

**The Commissioner's decision**.  After considering the second application, the

ALJ determined Hill has severe impairments — degenerative joint disease of the knees,

arthritis of the hips, hypertension, right eye cataract, and bilateral glaucoma status post

left eye trabeculectomy with blindness in the left eye[11] — but he can do some sedentary

work.[12]  Because a vocational expert identified available sedentary work,[13] the ALJ

determined Hill is not disabled and denied the application.[14]

---

treated as having been reopened as a matter of administrative discretion."); *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989) ("[A] claim may properly be treated as having been reopened as a matter of administrative discretion where the Secretary reconsiders the merits of the application previously denied.").

[10]SSA record at p. 145.

[11]*Id*. at p. 15.

[12]*Id*. at p. 17 (placing the following limits on sedentary work: (1) no climbing, kneeling, crouching, or crawling; (2) occasional balancing, stooping, and bending; (3) no workplace hazards or temperature extremes; (4) work permitting the use corrective lens; and (5) work permitting the worker to alternate between sitting and standing at worker's option at 30 minute intervals).

[13]*Id*. at pp. 54-55 (identifying mounters in the electronics industry as representative work).

[14]*Id*. at p. 25 (concluding that Hill has not been disabled since Mar. 3, 2005).

After the Appeals Council denied review,[15] the ALJ's decision became the

Commissioner's final decision for the purpose of judicial review.[16]  Hill filed this case to

challenge the decision.[17]  In reviewing the decision, the court must determine whether

substantial evidence supports the decision and whether the ALJ made a legal error.[18]

This recommendation explains why substantial evidence supports the decision and why

the ALJ made no legal error.

   **Hill's allegations**.  Hill challenges the determination that he can do some

sedentary work; he says the combination of his multiple impairments prevents him

from working.  He claims he meets listing 1.02 (major dysfunction of a joint) because he

---

[15]*Id*. at p. 1.

[16]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[17]Docket entry # 1.  This case has been on the court's docket for over two years. Hill filed the case on July 23, 2012, but did not serve the Commissioner until November 26, 2013.  Hill filed his brief on March 25, 2014.  The case became ripe for resolution when the Commissioner filed her response on May 6, 2014.

[18]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

4

cannot ambulate effectively.  He contends the ALJ gave his treating physician's opinion insufficient weight.  He maintains the hypothetical question posed to the vocational expert was insufficient because it didn't include chronic pain with sitting.  For these reasons, he maintains substantial evidence does not support the ALJ's decision.[19]

**Applicable legal principles**.  For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Hill can do some sedentary work.[20]  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[21] Sedentary work "represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[22]

The ALJ placed several limitations on sedentary work:

(1) no climbing, kneeling, crouching, or crawling;

(2) occasional balancing, stooping, and bending;

---

[19]Docket entry # 10.

[20]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[21]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[22]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

(3) no workplace hazards or temperature extremes;

(4) work permitting the use corrective lens; and

(5) work permitting the worker to alternate between sitting and standing at 30 minute intervals.[23]

The court must determine whether a reasonable mind would accept the evidence as adequate to show Hill can work within these parameters.

**Hill can work within the ALJ's parameters**.  A reasonable mind would accept the evidence as adequate because the medical evidence shows no serious functional limitation preventing sedentary work, and because despite the limitations placed on sedentary work, a vocational expert identified available work.  When asked why he has been disabled since his job at the granary, Hill stated that he anticipated another eye surgery and he had problems with his knees and feet.[24]  He stated that he lacks vision in his left eye due to glaucoma, and that it is hard to stand or climb because of swelling in his knees and feet.[25]

Hill's allegations are not enough to prove he is disabled because a determination of disability must be supported by medical evidence.[26]  The size of the record suggests

---

[23]SSA record at p. 17.

[24]*Id*. at p. 36.

[25]*Id*. at p. 37.

[26]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical

more medical evidence that actually exists.  A substantial portion of the record consists of duplicate treatment records and medical evidence generated after the time period for which benefits were denied.  The relevant medical evidence shows no serious functional limitation preventing sedentary work within the ALJ's parameters.

**The ALJ accounted for Hill's loss of vision in the left eye**.  Hill's history of glaucoma dates back to 1994, when he had his first eye surgery to relieve excessively high intraocular pressure caused by glaucoma.[27]  Despite multiple surgeries, Hill lost the vision in his left eye; with corrective lens, the vision in his right eye is 20/25.[28] Corrected right-eye vision permitted Hill to work at the granary for many years.  A reasonable mind would accept the evidence about vision as adequate to support the decision because: (1) Hill worked without left-eye vision, (2) the ALJ required work permitting corrective lens, and (3) the ALJ reduced the risk of harm flowing from reduced vision by excluding work hazards.

**The ALJ excluded work that could cause pain by requiring sedentary work**. There is no medical evidence about foot problems, but in January 2005, diagnostic

---

signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability.").

[27]SSA record at p. 209.

[28]*Id*. at p. 245.  *See id*. at p. 252 (reporting 20/20 corrected vision in right eye).

7

imaging showed mild degenerative changes in the knees.[29]  At that time, Hill reported

knee pain for five months;[30] he continued to work with knee pain until March 2005.  In

December 2005, Hill was evaluated by an orthopedist.[31]  Updated diagnostic imaging

showed early degenerative changes in both knees — greater in the right knee — early

arthritis, some bone spurring, and mild bowed-legged knees.[32]  Because bowed-legged

knees and excessive weight increases the risk of osteoarthritis in the knees, the

orthopedist emphasized the importance of losing weight and recommended swimming

for exercise.  According to the orthopedist, Hill may need a partial or total knee

replacement in the future, but he should wait as long as possible before considering

knee surgery.[33]

The degenerative changes in Hill's knees will not reverse, but the changes

haven't progressed so as to prevent Hill from walking or sitting.[34]  Evidence generated

---

[29]*Id*. at pp. 283-84.

[30]*Id*. at p. 221.

[31]*Id*. at p. 200.

[32]*Id*. at p. 203.

[33]*Id*. at p. 201.

[34]*Id*. at pp. 259-60 (diagnostic imaging showing mild to moderate degenerative changes in both knees, greater in right knee).

after the time period for which benefits were denied shows Hill can walk on his own;[35]

thus, no serious question exists about whether he meets listing 1.02[36] — he does not

meet the listing because he can walk without an assistive device.

Although Hill can walk, there's no question that activities like prolonged

_____

[35]*Id*. at p. 383 (on Dec. 13, 2011, ambulates without difficulty, steady gait, adequate joint function, denies pain).

[36]The regulatory requirements for disability under listing 1.02 are shown below:

> 1.02  Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity…and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b…..

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02.

> 1.00B2b.  (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning…to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00.

walking, climbing, or squatting cause some pain, but that pain does not prevent Hill from working within the ALJ's parameters because sedentary work requires mostly sitting.[37]  Hill says he must alternate between sitting and standing because bending his knees to sit causes pain,[38] but the ALJ required work that permits a worker to alternate between sitting and standing at 30-minute intervals.[39]  A reasonable mind would accept the evidence about the knees as adequate to show Hill can work within the defined parameters because the ALJ excluded physical activity that would generate knee pain, and required work that allows Hill to alternate between sitting and standing to alleviate knee pain.

---

[37]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work* ("Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").

[38]SSA record at pp. 45 & 179.

[39]*Id*. at p. 17.

**According to medical experts, Hill can do sedentary work with postural limitations**.[40]  Medical expert opinion was based in significant part on a consultative physical exam by Hill's primary care physician (PCP).[41]  The PCP reported that Hill can walk on his own, but he cannot walk on his heels or toes.[42]  The PCP reported no limitations with using the hands, except for the inability to pick up a coin.[43]  That finding is somewhat suspect, because Hill picked up a coin eight months earlier during his first consultative exam,[44] and because Hill reported no problems with his hands when he applied for disability benefits.[45]  According to the PCP, Hill has severe limitations.[46]  Hill claims the ALJ didn't give that opinion enough weight — because he equates severe limitations with disability — but in actuality, the ALJ relied on the PCP's opinion.[47]

---

[40]*Id*. at pp. 263 & 277 (requiring only occasional climbing, balancing, stooping, kneeling, crouching, or crawling).

[41]*Id*. at p. 251.

[42]*Id*. at p. 254.

[43]*Id*.

[44]*Id*. at p. 241.

[45]*Id*. at pp. 159 & 186.

[46]*Id*. at p. 255.

[47]*Id*. at p. 23 ("Two state agency medical consultants concluded the claimant retained the ability to perform sedentary level work.  The [ALJ] finds these opinions to

**Vocational evidence supports the ALJ's decision**.  The ALJ asked a vocational expert about available sedentary work for a person with Hill's limitations.[48]  The vocational expert identified mounters in the electronics industry as representative work.[49]  The vocational expert's response shows work exists that Hill can do, regardless of whether such work exists where he lives, whether a job vacancy exists, or whether he would be hired if he applied for work.[50]  Because such work exists, Hill is not disabled under social security law.

Hill's complaint about the ALJ's hypothetical question fails because the question captured the concrete consequences of Hill's deficiencies.[51]  The ALJ captured the consequences of chronic knee pain by asking about work that permits a worker to alternate between sitting and standing.  A reasonable mind would accept the evidence as adequate to support the ALJ's decision, because the medical evidence shows no

---

be well supported and not wholly inconsistent with the findings outlined below. However, due to the claimant's combination of impairments, and considering subjective complaints of pain, additional postural and visual limitations are warranted.  The findings of the [ALJ] are consistent with [the PCP's] opinion that the claimant has severe limitations.").

[48]*Id*. at pp. 53-55.

[49]*Id*.

[50]42 U.S.C. § 1382c(a)(3)(B) (defining "disability" under social security law).

[51]*Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011) ("The hypothetical question must capture the concrete consequences of the claimant's deficiencies.").

serious functional limitation preventing sedentary work and because the vocational

expert identified available work despite limitations reducing sedentary work.

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind

would accept the evidence as adequate to support the decision.  The ALJ made no legal

error.  For these reasons, the undersigned magistrate judge recommends DENYING

Hill's request for relief (docket entry # 2) and AFFIRMING the Commissioner's

decision.

Dated this 19th day of November 2014.

_____

United States Magistrate Judge